UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 0308**

BRITTNEY DECKER,

                Plaintiff,

COMPLAINT AND
JURY DEMAND
Civil Action No.

-against-

CITY OF NEW YORK, CYRUS R. VANCE, ESQ.
(in his official capacity), THE NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE, DAVID MOIX (in his individual and
official capacities), JOHN DOE#1, JOHN DOE#2,
THE NEW YORK CITY POLICE DEPARTMENT, and
THE NEW YORK CITY DEPARTMENT OF CORRECTIONS,

                Defendants.

      Plaintiff, Brittney Decker, by her attorneys, METH LAW OFFICES, P.C., complaining of the Defendants herein respectfully shows the Court and alleges as follows:

## INTRODUCTION

      1.    This is an action for the wrongful acts of the Defendants CITY OF NEW YORK, CYRUS R. VANCE, ESQ.,THE NEW YORK COUNTY DISTRICT ATTORNEY OFFICE, DAVID MOIX, JOHN DOE#1, JOHN #2, THE NEW YORK CITY POLICE DEPARTMENT, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, in violation of Plaintiff's rights secured by 48 U.S.C. Section 1983 and the Constitution and laws of the United States.

      2.    Plaintiff, Brittney Decker, alleges that beginning on January 14, 2012, and continuing to May 24, 2012, and all through her court appearances, Defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongfully imprisoning Plaintiff, negligence, intentionally and/or negligently inflicting emotional distress,

malicious prosecution, and violating Plaintiff's Constitutional and civil rights.

3. Plaintiff demands a trial by jury on each and every one of their claims as pled herein.

## JURISDICTION AND VENUE

4. This action is brought under 42 U.S.C. Section 1983 in conjunction with the Fourth, Sixth, Eighth, and Fourteenth to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

5. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions 28 U.S.C. Section 1331 and 1343, this being an action to seek redress for the violation of the Plaintiff's Constitutional and civil rights.

6. Venue in the Southern District is proper under 28 U.S.C. Section 1391(b). During all times mentioned in this Complaint, Plaintiff, Brittney Decker, was and is a citizen of the United States who resides as a natural person located in the County of Westchester, within the venue of the Southern District of New York.

## PARTIES

7. At all times relevant hereto, Plaintiff Brittney Decker, was and is a citizen of the Unites States and resident of the County of Westchester, State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK, was and is a municipal corporation, created and organized and duly existing under the virtue of the Laws of the State of New York and owns, operates, manages, directs and controls the New York County District Attorneys Office, the New York City Police Department and the New York City Department of Corrections, which employs the other named Defendants.

Page 2 of 15

9. At all times relevant hereto, CYRUS R. VANCE, ESQ., was and is at all times relevant to this action, duly elected as the District Attorney of the County of New York, and as such is employed by and supervises the Defendant the New York County District Attorneys Office, and acting under the color of law. Upon information and belief, CYRUS R. VANCE, ESQ., was the District Attorney of New York at the New York County District Attorneys Office, at the time of the occurrences alleged in this complaint. He is being sued in his official capacity only.

10. At all times relevant hereto, THE NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE was and is an entity/agency of the Defendant City of New York, and acting under the color of state law.

11. At all times relevant hereto, DAVID MOIX, was at all times relevant to this action, a police officer, employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, DAVID MOIX, was an employee of the New York City Police Department, at the time of the occurrences alleged in this complaint. This person is being sued in both their individual and official capacities.

12. At all times relevant hereto, JOHN DOE#1 (a fictitious names intending to be a police officer) was at all times relevant to this action, a police officer, employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, JOE DOE#1, was an employee of the New York City Police Department, at the time of the occurrences alleged in this complaint. This person is being sued in both their individual and official capacities.

13. At all times relevant hereto, JOHN DOE#2 (a fictitious names intending to be a

police officer) was at all times relevant to this action, a police officer, employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, JOE DOE#2 was an employee of the New York City Police Department, at the time of the occurrences alleged in this complaint. This person is being sued in both their individual and official capacities.

14.  At all times relevant hereto, THE NEW YORK CITY POLICE DEPARTMENT was and is an entity/agency of the Defendant City of New York, and acting under the color of state law residing in the County of New York, State of New York.

15.  At all times relevant hereto, THE NEW YORK CITY DEPARTMENT OF CORRECTIONS was and is an entity/agency of the Defendant City of New York, and acting under the color of state law residing in the County of New York, State of New York.

16.  At all times relevant hereto and in all their actions described herein, the Defendants were acting under the color of the statues, ordinances, regulations, policies, customs and usages of the State of New York, County of New York, and the City of New York, pursuant to their authority as employees servant, agents of the New York City Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

17.  At all times relevant hereto, the Defendant CITY OF NEW YORK, CYRUS R. VANCE, ESQ., THE NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE, THE NEW YORK CITY POLICE DEPARTMENT, THE NEW YORK DEPARTMENT OF CORRECTIONS were negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees.

18. At all times relevant hereto, the Defendant CITY OF NEW YORK, CYRUS R. VANCE, ESQ., THE NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE, THE NEW YORK CITY POLICE DEPARTMENT, THE NEW YORK DEPARTMENT OF CORRECTIONS , knew or should have known of the bias, bad judgment, and other unlawful propensities of the officers and the Assistant District Attorneys, involved in the violation of civil right, negligently causing injury, false arrest, wrongful imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff Brittney Decker.

19. At all times mentioned herein, the Defendant CITY OF NEW YORK, CYRUS R. VANCE, ESQ., THE NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE, THE NEW YORK CITY POLICE DEPARTMENT, THE NEW YORK DEPARTMENT OF CORRECTIONS , knew or should have known of the bias, bad judgment, and other unlawful propensities of the officers and Assistant District Attorneys involved in the violation of civil right, negligently causing injury to Plaintiff Brittney Decker.

20. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of Plaintiff Brittney Decker.

## CONDITIONS PRECEDENT

21. On or about June 29, 2012, Plaintiff, Brittney Decker's Notice of Claim was filed with the Comptroller's Office of the CITY OF NEW YORK and THE NEW YORK COUNTY DISTRICT ATTORNEYS OFFICE; said Notice was filed within ninety (90) days after the causes of the action accrued; that more than thirty (30) days have elapsed since the filing of said Notice and this matter has not been settled or otherwise disposed of.

22. Plaintiff Brittney Decker has duly complied with all of the conditions precedent to

the commencement of this cause of action under the circumstances as set forth above.

## FACTUAL BACKGROUND

23. On January 14, 2012, Plaintiff Brittney Decker, was arrested pursuant to VTL §1192 (1) and VTL §1192 (2).

24. Ms. Decker was placed in jail for thirty hours, over a holiday weekend before being released.

25. Ms. Decker's Blood Alcohol Contact (BAC) was .058. No field sobriety tests were performed. However, at the arraignment, on January 15, 2012, Ms. Decker's license was suspended pending prosecution, without a hearing by the Hon. Nancy M. Bannon, based on a BAC of .08 or greater.

26. Ms. Decker's attorney requested a *Pringle* hearing, at the arraignment, before the suspension was entered. Judge Bannon denied the request. *Pringle v. Wolfe*, 88 NY2d 426, 668 NE2d 1376 (1996).

27. Ms. Decker's attorney requested immediate review by Part E. An appearance was scheduled on January 19, 2012. At that appearance, the Hon. Jennifer G. Schecter found that the suspension entered by Judge Bannon was statutorily improper and illegal, and immediately reinstated Ms. Decker's license.

28. On January 23, 2012, without Ms. Decker being present in Court and with no notice, Judge Schecter entered an *ex parte* suspension pending prosecution pursuant to VTL §510 (3) & (3-a) based on the underlying 1192 charges. No notice of a presuspension hearing was given to Ms. Decker. She was not afforded a presuspension hearing.

29. Ms. Decker learned that her license had been suspended via a phone call from

Page 6 of 15

the court clerk to her attorney. However, they refused to fax a copy of the suspension to counsel, and counsel did not become fully aware of the suspension until he appeared in Court on February 1, 2012 and received a copy of it in person, seven days after it was entered.

30. In Court, Ms. Decker's attorney requested the reinstatement of her license. That request was denied even though no findings were made, no hearing was held, and no record was made to support the suspension. Under the VTL §503 suspension, Ms. Decker had no opportunity to request a hardship or conditional license.

31. The matter was set down for trial on April 25, 2012, both the Ms. Decker and her counsel, were ready to proceed. The District Attorney was unable to proceed at that time. There was no reason given.

32. The trial was rescheduled for May 24, 2012 before the Hon. Jennifer G. Schecter at Part E of the Criminal Court of the City of New York. Sarah Sullivan, ADA moved to dismiss the charges as the People could not prove their case beyond a reasonable doubt.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant City of New York)

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1-32 of this complaint as if fully set forth herein.

33. At all times material to this complaint, Defendant CITY OF NEW YORK, acting through it's Police Department, Corrections Department, and District Attorneys Office, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the other named Defendants..

34. Upon information and belief, Defendant CITY OF NEW YORK failed to

effectively screen, hire, train, supervise and discipline it's Officers, District Attorney, Assistant District Attorneys and other employees with respect to their failure to protect citizens from unconstitutional conduct, thereby permitting and allowing the employees herein to be in a position to wrongfully arrest and maliciously prosecute Plaintiff Brittney Decker.

35. As a result, Plaintiff sustained great emotional injuries, was subjected to extreme humiliation, and was otherwise harmed, damaged, and injured.

36. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 22-32 deprived Plaintiff Brittney Decker of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to due process under the law, the right to be free from malicious prosecution and the intentional and/or negligent infliction of emotional distress.

37. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff Brittney Decker of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, and as such Plaintiff has been damaged.

38. That by reason of the foregoing, Plaintiff requests a judgment in her favor against the Defendant City of New York as set forth in the Prayer for Relief.

### SECOND CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK (Defendant City of New York)

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1-38 of this complaint as if fully set forth herein.

40. Defendant CITY OF NEW YORK, as the supervisory body is responsible for the

conduct of the Defendant New York County's District Attorneys Office, Defendant New York City Police Department, Defendant New York City Department of Corrections, and other named Defendants.

41. Defendant CITY OF NEW YORK had a duty to Plaintiff Brittney Decker that it's departments, agencies, employees, supervisors and service providers complied with all applicable laws, rules, procedures and regulations.

42. Defendant CITY OF NEW YORK had a duty to Plaintiff Brittney Decker to assure proper training and supervision of it's employees herein, and/or implement meaningful procedures to discourage lawless official conduct, and did fail to properly train and/or supervise it's Officers, District Attorney, Assistant District Attorneys, and other employees and personnel.

43. That as a result of the said negligence of the Defendants, the Plaintiff has sustained great emotional and pecuniary injury, was subjected to extreme humiliation, and was otherwise harmed, damaged, and injured.

44. That by reason of the foregoing, Plaintiff requests a judgment in her favor against the Defendant City of New York as set forth in the Prayer for Relief.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### DEPRIVATION OF LIBERTY BY MALICIOUS PROSECUTION
(Defendant Cyrus R.Vance, Esq. and the New York County District Attorneys Office)

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1-44 of this complaint as if fully set forth herein.

46. That as a direct and proximate result of the above-referenced unlawful and malicious prosecution of Plaintiff Brittney Decker, by Defendants Cyrus R. Vance, Esq., and the New York County District Attorneys Office, committed under color of law, both individually and

oollectively, while employed as a New York County District Attorney, and while in possession of exculpatory evidence Plaintiff Brittney Decker suffered severe emotional and psychological distress and was deprived of her right to be secure against unreasonable and malicious prosecution not founded upon probable cause, as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States, in violation of 42 U.S.C. Section 1983.

47. That as a direct and proximate result of the above-referenced unlawful, wanton, intentional, oppressive and malicious prosecution of Plaintiff Brittney Decker by Defendant Cyrus R. Vance, DA, and other Assistant District Attorneys employed with the New York County District Attorneys Office, Plaintiff has suffered and will continue to suffer from severe emotional, psychological and physical distress, and has incurred cost for transportation during the five month period when her license was suspended without cause, and has been forced to expend significant legal fees in the successful defense of the charges maliciously prosecuted by defendants.

48. That by reason of the foregoing, Plaintiff requests a judgment in her favor against the Defendant Cyrus R. Vance, Esq. and the New York County District Attorney's Office as set forth in the Prayer for Relief.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS DEPRIVATION OF LIBERTY BY FALSE ARREST, WRONGFUL IMPRISONMENT AND MALICIOUS PROSECUTION (DAVID MOIX)

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1-48 of this complaint as if fully set forth herein.

50. The actions of defendant DAVID MOIX, a member of the New York City Police

Department, and acting under the color of state law, deprived Plaintiff Brittney Decker of her rights, privileges, and immunities under the laws of the Constitution of the United States of America, in particular the rights to liberty, to be secure in her person and property, to due process under the law, and the concomitant rights to be free from false arrest, wrongful imprisonment, malicious prosecution, and the intentional and/or negligent infliction of emotional distress.

51. By these actions, the individual Defendant has deprived Plaintiff Brittney Decker of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which Defendant is individually liable.

52. As a result of the foregoing, Plaintiff Brittney Decker was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

53. That by reason of the foregoing, Plaintiff requests a judgment in her favor against the Defendant David Moix as set forth in the Prayer for Relief.

### FIFTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS DEPRIVATION OF LIBERTY BY FALSE ARREST, WRONGFUL IMPRISONMENT AND MALICIOUS PROSECUTION (JOHN DOE#1)

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1-53 of this complaint as if fully set forth herein.

55. The actions of defendant JOHN DOE#1, a member of the New York City Police Department, and acting under the color of state law, deprived Plaintiff Brittney Decker of her rights, privileges, and immunities under the laws of the Constitution of the United States of America, in particular the rights to liberty, to be secure in her person and property, to due process under the law, and the concomitant rights to be free from false arrest, wrongful imprisonment,

malicious prosecution, and the intentional and/or negligent infliction of emotional distress.

56. By these actions, the individual Defendant has deprived Plaintiff Brittney Decker of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which Defendant is individually liable.

57. As a result of the foregoing, Plaintiff Brittney Decker was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

58. That by reason of the foregoing, Plaintiff requests a judgment in her favor against the Defendant John Doe#1 as set forth in the Prayer for Relief.

## SIXTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS DEPRIVATION OF LIBERTY BY FALSE ARREST, WRONGFUL IMPRISONMENT AND MALICIOUS PROSECUTION (JOHN DOE#2)

59. Plaintiff repeats and realleges the allegations contained in paragraphs 1-58 of this complaint as if fully set forth herein.

60. The actions of defendant JOHN DOE#2, a member of the New York City Police Department, and acting under the color of state law, deprived Plaintiff Brittney Decker of her rights, privileges, and immunities under the laws of the Constitution of the United States of America, in particular the rights to liberty, to be secure in her person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment, malicious prosecution, and the intentional and/or negligent infliction of emotional distress.

61. By these actions, the individual Defendant has deprived Plaintiff Brittney Decker of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

62. As a result of the foregoing, Plaintiff Brittney Decker was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

63. That by reason of the foregoing, Plaintiff requests a judgment in her favor against the Defendant John Doe#2 as set forth in the Prayer for Relief.

## ATTORNEYS FEES

64. It is respectfully requested that Plaintiffs are entitled to an award of attorney's fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983.

WHEREFORE, Plaintiff demands,

A) On the FIRST CLAIM, for an Order granting nominal, compensatory, as well as punitive and other damages; and

B) On the SECOND CLAIM, for an Order granting nominal, compensatory, as well as punitive and other damages; and

C) On the THIRD CLAIM, for an Order granting nominal, compensatory, as well as punitive and other damages; and

D) On the FOURTH CLAIM, for an Order granting nominal, compensatory, as well as punitive and other damages; and

E) On the FIFTH CLAIM, for an Order granting nominal, compensatory, as well as punitive and other damages; and

F) On the SIXTH CLAIM, for an Order granting nominal, compensatory, as well as punitive and other damages; and

G) For an Order awarding Plaintiff expenses and costs, including reasonable

attorneys fees; and

      H)     For an Order awarding Plaintiff pre-judgment interest and post-judgment interest; and

      I)     For an Order awarding such other and further relief as the Court deems just and proper.

Dated: January 14, 2013
       Chester, NY

                                      Michael D. Meth - mm9489
                                      METH LAW OFFICES, P.C.
                                      *Attorney for Plaintiff*
                                      10 Moffatt Lane, Suite 2
                                      P.O. Box 560
                                      Chester, NY 10918
                                      (845) 469-9529
                                      Michael@methlaw.com

## VERIFICATION

STATE OF NEW YORK )
                  )SS:
COUNTY OF ORANGE  )

MICHAEL D. METH, an attorney duly admitted to practice law in the State of New York and in the United States District Court, Southern District of New York, hereby affirms under the penalties of perjury, that:

I have read the foregoing Verified Complaint; that the same is true of my own knowledge except for such matters alleged upon information and belief; and as for those matters I believe them to be true. The basis of my beliefs are reviews of documents within the file and conversations with Plaintiff.

The reason why this verification is made by me and not by Plaintiff is that plaintiff resides outside the county in which I maintain my law office.

Dated: January 14, 2013
       Chester, NY

_____
MICHAEL D. METH

Sworn and subscribed to before me
on the 14th day of January, 2013.

_____
Notary Pubic

ELIZABETH OLSEN
NOTARY PUBLIC - STATE OF NEW YORK
ORANGE COUNTY
Reg No. 01OL6223904
MY COMMISSION EXPIRES 06/21/20__