```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
BRITTNEY DECKER,                        :
                    Plaintiff,          :      13 Civ. 0308 (DLC)
                                        :
        -v-                             :      MEMORANDUM OPINION &
                                        :              ORDER
CITY OF NEW YORK, DAVID MOIX, and JOHN  :
DOE,                                    :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

APPEARANCES:

For the plaintiff:

Michael D. Meth
METH LAW OFFICES, P.C.
10 Moffatt Lane, Suite 2
P.O. Box 560
Chester, NY 10918

For the defendants:

Kate McMahon
Assistant Corporation Counsel of the City of New York
100 Church Street, Room 3-193
New York, NY 10007

DENISE COTE, District Judge:

    Brittney Decker has brought an action against the City of New York ("City"), and Police Officer David Moix ("Moix") for violation of 48 U.S.C. § 1983 ("Section 1983"). For the following reasons, defendants' July 12, 2013 motion to dismiss is denied.

BACKGROUND

The amended complaint ("Complaint"), filed on June 28, 2013, asserts that on January 14, 2012 at 3:00 a.m., Moix arrested Decker and charged her with violating New York State Vehicle and Traffic Law ("VTL") §§ 1192(1) and (2), which make it illegal to operate a motor vehicle while under the influence of alcohol or drugs or while impaired. According to the Complaint, Decker's blood alcohol content ("BAC")[1] at that time was .058, while the law declares that it is a <u>per se</u> violation to operate a motor vehicle with a BAC of .08. The Complaint explains that no field sobriety tests were performed at the time of the arrest, the arresting officer did not observe the defendant driving, and there were no other witnesses to provide probable cause for the arrest.[2]

While incarcerated following arrest, Moix repeatedly told Decker she would be released, but she was not. Decker was frightened and exhausted. Male inmates yelled at her. The conditions in which she was kept were unsanitary. Decker was incarcerated for two nights because the wrong prisoner was produced to court, and was not released until the afternoon of January 15. For periods in the weeks that followed various

---

[1] BAC is defined in VTL § 1192(2) as a "per centum . . . by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine, or saliva."

[2] These assertions contradict the plaintiff's testimony in a 50-h hearing conducted on December 4, 2012, as discussed below.

2

judges erred in suspending Decker's license despite the lack of probable cause for the arrest.  On May 24, the District Attorney refused to proceed to trial, the charges were dismissed, and Decker's license was reinstated.

The Complaint asserts three claims.  The first and second claims appear to be virtually identical.  They are brought against the City, pursuant to Section 1983 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, for its failure to train police officers and assistant district attorneys to protect citizens against wrongful arrest and malicious prosecution.  The third claim is brought against the City and Moix for Decker's wrongful arrest, imprisonment, malicious prosecution and intentional infliction of emotional distress in violation of Section 1983 and the Fourth and Fourteenth Amendments.

DISCUSSION

The defendants' motion to dismiss presents a single issue to resolve: does an admitted BAC of .058 by itself provide probable cause for an arrest?  If it does, then the claims of false arrest and malicious prosecution in violation of the defendant's Fourth Amendment rights must be dismissed.[3]  While the defendants also

---

[3] In her opposition to this motion, the plaintiff abandons any argument that her third claim for relief rests on any violation of her rights other than the rights to be free from an illegal arrest and malicious prosecution.  The conditions to which she was subject while in confinement and the loss of her license are

point out that Moix was not served within the 120 days required by Rule 4(m), Fed. R. Civ. P., the parties have been granted an opportunity to address separately, pending the outcome of this motion practice, whether the time to serve Moix should be extended nunc pro tunc.

It is undisputed that the existence of probable cause for an arrest requires the dismissal of both a claim for false arrest and malicious prosecution. Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). The defendants assert that the admission in the Complaint that Decker's BAC was .058 is sufficient to establish probable cause.

VTL § 1192 provides is pertinent part:

1. Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

2. Driving while intoxicated; per se. No person shall operate a motor vehicle while such person has .08 of one per centum or more by weight of alcohol in the person's blood as shown by chemical analysis of such person's blood, breath, urine or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article.

VTL § 1195, entitled "Chemical test evidence", requires a court to admit evidence of the amount of alcohol in a defendant's blood as shown by a test administered pursuant to other

---

apparently described in the Complaint to explain the injuries that flowed from those two violations of her Fourth Amendment rights.

provisions in the statute. It then addresses the probative value of such evidence when the person is arrested for a violation of § 1192. It is "prima facie evidence that the ability of such person to operate a motor vehicle was not impaired by consumption of alcohol" when the BAC "was .05" or less. VTL § 1195(2)(a). Where the BAC is "more than .05" but less than .07, the evidence is "prima facie evidence that such person was not in an intoxicated condition, but such evidence shall be relevant evidence, but shall not be given prima facie effect, in determining whether the ability of such person to operate a motor vehicle was impaired by the consumption of alcohol." Id. at (2)(b).

The motion to dismiss must be denied. Under the VTL, the plaintiff's admitted BAC of .058 is not prima facie evidence that she was impaired by alcohol in her operation of the vehicle, although it is relevant evidence. When combined with other observations of the arresting officer, however, a BAC at this level may provide probable cause for an arrest.

The defendants rely on a brochure from the New York Department of Motor Vehicles and People v. Schneck, 39 Misc. 3d 138(A), 2012 WL 7984362 (N.Y. App. Term Dec. 24, 2012), to argue that a BAC greater than .05 by itself provides probable cause for an arrest. Neither citation supports the defendants' argument. The brochure is, of course, not a statute. In any event, it merely warns drivers that the police "*may charge*" them for a

violation of VTL is if their BAC is .05 or greater. New York State Department of Motor Vehicles, <u>You and the Drinking Driving Laws</u>, http://www.dmv.ny.gov/broch/c-39DDL-web.pdf at 5 (last visited Aug. 26, 2013). <u>Schneck</u> recites the uncontroversial proposition that an arrest is authorized under the law when a driver voluntarily consumes alcohol and thereby impairs to any extent her ability to operate a vehicle. <u>Schneck</u>, 2012 WL 7984362, at *2.

In its reply papers, the defendants refer to the plaintiff's 50-h testimony[4] in which she admitted driving on the West Side Highway in Manhattan at 2:00 a.m. with her lights off. She also admitted being stopped by the police and being given a breathalyzer test, which the officers told her reported a BAC of .08. Under VTL § 1192 2, driving with a BAC of .08 or greater is a <u>per se</u> violation of law and does not require further evidence that the driver was impaired by the consumption of alcohol. The plaintiff also admits that approximately 45 minutes later she was administered another breathalyzer test at the precinct, which may be the source of the BAC of .058 recited in the Complaint.

Because this is a motion to dismiss, the facts alleged in the Complaint may not be supplemented by the plaintiff's hearing testimony. The admissions in the hearing testimony may only be

---

[4] New York General Municipal Law § 50-h requires that anyone asserting a claim against a municipality submit to an oral examination before filing suit. <u>See Day v. Moscow</u>, 955 F.2d 807, 813 (2d Cir. 1992).

6

offered in connection with a motion for summary judgment or at trial.

## CONCLUSION

The defendants' July 12, 2013 motion to dismiss is denied.

SO ORDERED:

Dated: New York, New York
August 27, 2013

_____
DENISE COTE
United States District Judge