```
D9KMDECC                                                          1
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

BRITTNEY DECKER,

          Plaintiff,

        v.                     13 Civ. 308 (DLC)

CITY OF NEW YORK; P.O. DAVID
MOIX; and JOHN DOE, also known
as John Doe #1,

          Defendants.

------------------------------x

                            New York, N.Y.
                            September 20, 2013
                            10:55 a.m.

Before:

                HON. DENISE COTE,

                        District Judge

                  APPEARANCES

JENNIELENA RUBINO
    Attorney for Plaintiff

MICHAEL A. CARDOZO, Corporation Counsel
for the City of New York
    Attorney for Defendants
BY:  KATE F. McMAHON

2
D9KMDECC

```
 1              (In the robing room)
 2              THE COURT:  We will take appearances.  Ms. Rubino.
 3              MS. RUBINO:  Yes, Jennielena Rubino.
 4              THE COURT:  For the City of New York.
 5              MS. McMAHON:  Kate McMahon.
 6              THE COURT:  Ms. Rubino, are you principal trial
 7    counsel here?
 8              MS. RUBINO:  Yes.  Both Mr. Meth and I are.
 9              THE COURT:  Well, Mr. Meth has been the attorney that
10    appeared on this case to date.  He signed the complaints.  He
11    signed the opposition to the motion to dismiss.  And I think it
12    would have been very helpful for him to be here.  I have some
13    serious concerns about how this case is being litigated.  I
14    have a request from the plaintiff to file another amended
15    complaint.
16              Let's just review the history here.  There was a
17    complaint first filed in this case.  This is a reassigned case
18    from White Plains.  And paragraph 25 it alleged:  "Ms. Decker's
19    blood alcohol contact BAC was .058."  There was a motion to
20    dismiss that indicated on page 2 that in the complaint the
21    plaintiff alleged that the blood alcohol content was .058.
22    There were other references to that on pages 4 and 5 of the
23    motion to dismiss.
24              I issued a scheduling order in June that gave the
25    plaintiff a further opportunity to amend the complaint, but
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  indicated that the plaintiff would have no further opportunity
2  to amend. The amended complaint then was filed, as opposed to
3  an opposition to the motion to dismiss, and at paragraph 24,
4  the plaintiff alleged: Plaintiff's blood alcohol contact --
5  again, the same misspelling -- was .058 at the time of her
6  arrest.
7      So the city reviewed its motion to dismiss,
8  indicating, again, that at the time of the arrest and, as
9  admitted in the complaint, the plaintiff's blood alcohol
10 content was .058.
11     In the opposition to this motion to dismiss the
12 opposition was based on a series of arguments, but there was no
13 contention that the amended complaint erred in any way. There
14 were arguments based on the fact that the plaintiff herself
15 never admitted that the BAC was .058 and that no field sobriety
16 tests were performed, according to the complaint, and an
17 argument based upon decimal levels in the calculation.
18     Then we had the reply, which attached the hearing
19 testimony from the plaintiff. It provided evidence of her
20 admissions that she was driving without her headlights on, that
21 she had a drunk passenger, that she was given a breathalyzer
22 test, that she was told that her BAC level was .08 at that
23 time, and that she was tested later at the precinct and told
24 that her breathalyzer test at that time was .05.
25     So I issued my decision of August 27, 2013. I was

concerned here that some of the representations in the opposition brief were made without sufficient concern about the hearing testimony. I was quite convinced, based on the hearing testimony, that a summary judgment motion could be brought successfully by the city to show probable cause for this arrest, driving about 2 a.m. on the West Side Highway with your lights off and having a breathalyzer test with an admitted value in the complaint of .058.

Now, the city contends that actually the breathalyzer test at the scene was more than .058 and it understands the admission in the complaint to be premised on the number at the precinct, after some passage of time.

So Mr. Meth is responsible for this record, as far as I can tell, not you, Ms. Rubino.

MS. RUBINO: Yes, your Honor.

THE COURT: But I take counsel's responsibilities to the Court and under Rule 11 very seriously. And I'm now faced with another request to amend, which I find no good cause to support. This is far too late. The city relied on the complaint, the versions of the complaint that the plaintiff submitted, I relied on it. The plaintiff was given adequate warning that there would be no further amendment allowed.

This is not about some trivial matter in the complaint. And the hearing record indicates to me that a summary judgment motion could easily be successful here.

1            Ms. Rubino.

2            MS. RUBINO:  Yes, your Honor.  May I be heard.  Thank

3    you.

4            Mr. Meth's concern is that when he had drafted this

5    complaint it was his error in stating paragraph 25 and then the

6    amended complaint paragraph 24.  The blood alcohol contact,

7    however, should be content, was .058.  And as the plaintiff

8    stated at her 50(h) hearing, that's what she was told.

9            THE COURT:  Ms. Rubino, I think it's very interesting

10   that Mr. Meth sent you here to make this argument.  I'll put

11   this over for a week and he may show up and make this argument

12   to me about his mistake and his duties to the Court.

13           MS. RUBINO:  Your Honor, if I may, Mr. Meth is out of

14   the country until September 29.

15           THE COURT:  Good.  We will find a time on October 4.

16   I'd like you to order a copy of this transcript and review it

17   with him and discuss with the city what you want to do.  I'll

18   issue a scheduling order later today giving you an October 4

19   time for the conference.

20           MS. RUBINO:  Okay.  Thank you, your Honor.

21           MS. McMAHON:  If I may, just for purposes of

22   scheduling, I'm running a training from 10:30 to 12:30 on the

23   4th.  In the afternoon I'm entirely available.

24           THE COURT:  I'll make it for the afternoon.

25           MS. McMAHON:  Some time after 1:30 would be best.

1          THE COURT:  If I can, I will.

2          MS. McMAHON:  That would be great.  Thank you.

3          THE COURT:  Thank you.

4                              o0o